23849296001/VAP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARJORIE VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. _____-cv-_____ |
| ) | |
| HOME DEPOT USA, INC., a Georgia ) | |
| corporation, and STINCHCOMB ) | |
| ASSOCIATES, INC., an Ohio corporation, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

NOW COMES the Defendant, STINCHCOMB ASSOCIATES, INC., by and through its attorneys, LAW OFFICES OF COZZI, MAREK & PARKER, and hereby pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 gives notice of the removal of this civil action from the Twelfth Judicial Circuit Court, Will County, Illinois to the United States District Court for the Northern District of Illinois. In support thereof, and for their Notice of Removal, Defendant states as follows:

**GROUNDS FOR REMOVAL**

1. Plaintiff, Marjorie Vaughn, commenced this action by filing a Complaint in the Twelfth Judicial Circuit Court, Will County, Illinois, on April 28, 2022, styled *Marjorie Vaughn v. Home Depot USA, Inc., and Stinchcomb Associates, Inc.*, No. 2022LA000277 (the "State Court Action"). A true and correct copy of Plaintiff Vaughn's Complaint at Law is attached hereto as **Exhibit A**.

2. In her Complaint, Plaintiff Vaughn asserts that the complained-of conduct and incident occurred on July 25, 2020 in Will County, Illinois, and specifically on the premises of the Home Depot store located at 14053 S. Bell Road in the City of Homer Glen, County of Will, State of Illinois. *Exhibit A (Complaint at Law, para. 4, Count I, paras. 1-6, Count III, paras. 1-6)*.

3. The four-count Complaint alleges that Plaintiff Marjorie Vaughn sustained personal

injuries when a purportedly defective automatic sprinkler in the Home Depot's nursery center sprayed water into her face and eyes, causing her to fall. *Ex. A (Complaint at Law, Count I, paras. 6-14, Count III, paras. 6-14)*.

4. On information and belief, Plaintiff Vaughn is a resident of the City of Homer Glen, County of Will, State of Illinois, and was so resident at the time of the alleged occurrence on July 25, 2020. As such, she is presumed a citizen of Illinois.

5. On information and belief, the Defendant, Home Depot USA, Inc., is a corporation organized and doing business under the laws of the State of Delaware, and with its corporate headquarters located at 2455 Paces Ferry Road, in Atlanta, Georgia. See https://corporate.homedepot.com/. It is thus a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c).

6. The Defendant, Stinchcomb Associates, Inc., is a corporation organized and doing business under the laws of the State of Ohio, and with its corporate headquarters located at 118 E. Adams Street in Sandusky, Ohio. See https://www.stinchcombassociates.com/. It is thus a citizen of Ohio. 28 U.S.C. § 1332(c).

7. The Complaint seeks "a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of suit." *Ex. A (Complaint at Law, pp. 4, 5, 8, 10, and Affidavit Pursuant to Rule 222(b))*. This non-specific prayer for damages only in excess of the jurisdictional amount for the law division is legally required by applicable Illinois state law, which prohibits prayers for damages in a sum certain in personal injury cases. 735 ILCS 5/2-604.

8. Plaintiff's counsel has provided some of Plaintiff's medical records and bills. The produced records indicate that Plaintiff has incurred, to date, approximately $33,000 in medical expenses, and has been diagnosed with and treated for three bulging discs, one herniated disc, cervical pain, a torn right shoulder rotator cuff, and a torn medial meniscus. The complaint also

alleged the injuries are of a permanent nature. Based on the currently available medical records and bills, the expected compensatory damages and/or damages for pain and suffering would exceed $75,000.00.

9. Given Plaintiff's known medical treatment and expenses, to date, Defendant asserts, on information and belief, that the amount in controversy in this matter exceeds $75,000.00.

10. This Notice of Removal is timely filed. Defendant Stinchcomb Associates, Inc., was served with a copy of the Summons and Complaint on May 17, 2022, and this Notice of Removal follows within thirty days of service of process, as required by 28 U.S.C. § 1446(b).

11. Removal is proper under 28 U.S.C. §§ 1332 and 1441 because this civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). *See, e.g., Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010) (court had diversity jurisdiction where plaintiff was a citizen of Arizona, defendants were citizens of Illinois, Minnesota, and Spain, and the amount-in-controversy exceeded $75,000).

12. As Plaintiff is presumably a citizen of the State of Illinois, the Defendant Home Depot is a citizen of Delaware and Georgia, and the removing Defendant Stinchcomb Associates is a citizen of Ohio, then the Plaintiff is not a citizen of the same State as either Defendant, and the diversity requirement is satisfied.

## COMPLIANCE WITH REMOVAL PROCEDURES

13. Defendant Stinchcomb Associates has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

14. Both Defendants—there are 2 defendants total—that have been served consent to the removal of this matter consistent with 28 U.S.C. § 1446(b)(2)(A). Defendant Stinchcomb Associates has shown its consent to removal by filing this Notice of Removal. *See GE Betz, Inc. v. Zee*

- 3 -

*Co.*, 718 F.3d 615, 632 (7th Cir. 2013). Defendant Home Depot has shown its consent by executing the attached Consent to Removal Pursuant to 28 U.S.C. § 1446(b)(2)(A). A true and correct copy of this Consent to Removal is attached hereto as **Exhibit B**.

15. Notice of this Removal is being provided to Plaintiff through her attorneys of record, as follows:

> Steven C. Armbruster
> The Vrdolyak Law Group, LLC
> 9618 S. Commercial Avenue
> Chicago, IL 60617
> (773) 731-3311
> sarmbruster@vrdolvak.com
> bbenefield@vrdolvak.com
> *Attorneys for Plaintiff*

16. Defendant Stinchcomb Associates is filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(3) within thirty days of being served with process in the State Court Action. Process was served on May 17, 2022.

17. Notice of Filing, with a copy of this Notice of Removal and exhibits, is also being provided to and filed in the Twelfth Judicial Circuit Court, Will County, Illinois, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, the Defendant STINCHCOMB ASSOCIATES, INC., removes this action from the Twelfth Judicial Circuit Court, Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully requests that the Court exercise jurisdiction over this action.

LAW OFFICES OF COZZI, MAREK & PARKER
By:   /s/ *David J. Olmstead*
David J. Olmstead

David J. Olmstead, Atty No. 6229984
LAW OFFICES OF COZZI, MAREK & PARKER
Attorneys for Defendant Stinchcomb Associates, Inc.
PO Box 7217, London, KY 40742
(312) 726-6317
CHICAGOLEGAL@LIBERTYMUTUAL.COM

- 4 -

- 5 -

**SERVICE LIST**

Steven C. Armbruster
THE VRDOLYAK LAW GROUP, LLC
9618 S. Commercial Avenue
Chicago, IL 60617
(773) 731-3311
sarmbruster@vrdolvak.com
bbenefield@vrdolvak.com
*Attorneys for Plaintiff*


Assunta A. Karris, Esq.
MCVEY & PARSKY LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
(312) 551-2130
aak@mcveyparsky-law.com
*Attorneys for Defendant Home Depot USA, Inc.*