MARJORIE VAUGHN v. HOME DEPOT USA, INC.,
and STINCHCOMB ASSOCIATES, INC.
U.S.D.C., Northern District of Illinois, Eastern Division, Case No. _____-CV-_____

[Exhibits to Defendant Stinchcomb Associates, Inc.'s Notice of Removal]

# EXHIBIT A

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Case: 1:22-cv-03062 Document #: 3-1 Filed: 06/10/22 Page 2 of 18 PageID #:12

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | *For Court Use Only* |
|---|---|---|
| Will _____ COUNTY | | |

**Instructions ▼**

Enter above the county name where the case was filed.

MARJORIE VAUGH
**Plaintiff / Petitioner** *(First, middle, last name)*

Enter your name as Plaintiff/Petitioner.

v.

Enter the names of all people you are suing as Defendants/ Respondents.

HOME DEPOT USA, INC., et al
**Defendant / Respondent** *(First, middle, last name)*

Enter the Case Number given by the Circuit Clerk.

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**2022LA000277**

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

1. **Defendant/Respondent's address and service information:**

   a. Defendant/Respondent's primary address/information for service:
      Name *(First, Middle, Last)*: Stinchcomb Associates, Inc.
      Registered Agent's name, if any: K. David Stinchcomb
      Street Address, Unit #: 118 E. Adams Street
      City, State, ZIP: Sandusky, OH 44870
      Telephone: _____ Email: _____

In **1b**, enter a second address for Defendant/ Respondent, if you have one.

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
      Name *(First, Middle, Last)*: _____
      Street Address, Unit #: _____
      City, State, ZIP: _____
      Telephone: _____ Email: _____

In **1c**, check how you are sending your documents to Defendant/ Respondent.

   c. Method of service on Defendant/Respondent:
      ☑ Sheriff          ☐ Sheriff outside Illinois: _____
                                                   *County & State*
      ☐ Special process server     ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk

| | |
|---|---|
| In 2. enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 |
| In 3, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* Marjorie Vaughn<br>Street Address, Unit #: 9618 S. Commercial Avenue<br>City, State, ZIP: Chicago, IL 60617<br>Telephone: _____ Email: _____ |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| Important information for the person getting this form | You have been sued. Read all of the documents attached to this *Summons.*<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check 4a or 4b. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a.** Otherwise, if the clerk gives you a court date, check box **4b.** | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: 100 W. Jefferson<br>City, State, ZIP: Joliet, IL 60432 |
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br> *Date* *Time* *Courtroom*<br>**In-person at:** |
| In 4b, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | _____<br> *Courthouse Address* *City* *State* *ZIP*<br>OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br> By telephone: _____<br> *Call-in number for telephone remote appearance*<br> By video conference: _____<br> *Video conference website*<br><br>_____<br> *Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br> *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br> *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | Witness this Date: _____ 4/28/2022 7:48 PM _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | Clerk of the Court: *Andrea Lynn Chasteen* <br><br>**This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br> *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2

(06/21)

Case: 1:22-cv-03062 Document #: 3-1 Filed: 06/10/22 Page 4 of 18 PageID #:14

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|
| Will      COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | MARJORIE VAUGH <br> **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. <br><br> HOME DEPOT USA, INC., et al <br> **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
       *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐   Personally on the Defendant/Respondent:

       Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____ Race: _____

       On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

       Address, Unit#: _____

       City, State, ZIP: _____

    ☐   On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

       On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

       Address, Unit#: _____

       City, State, ZIP: _____

       And left it with: _____
                    *First, Middle, Last*

       Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____ Race: _____

       and by sending a copy to this defendant in a postage-paid, sealed envelope to the

       above address on _____ , 20 _____ .

    ☐   On the Corporation's agent, _____
                           *First, Middle, Last*

       Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____ Race: _____

       On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

       Address: _____

       City, State, ZIP: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

2.   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

3.   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
     Address: _____
     City, State, ZIP: _____
     Other information about service attempt: _____
     _____
     _____
     _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**                                    **FEES**

| | | | |
|---|---|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* | ☐ Sheriff<br>☐ Sheriff outside Illinois: | Service and Return: $ _____<br>Miles _____ $ _____<br>Total $ 0.00 |

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2022LA000277
Filed Date: 4/28/2022 7:48 PM
Envelope: 17696941
Clerk: AHC

15339:SCA:kls

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
## WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| MARJORIE VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2022LA000277 |
| | ) | |
| vs. | ) | Amount: In Excess of FIFTY |
| | ) | THOUSAND ($50,000.00) DOLLARS |
| HOME DEPOT USA, INC., a foreign | ) | Plus Cost of Suit |
| corporation, and STINCHCOMB | ) | |
| ASSOCIATES, INC., a foreign corporation, | ) | Return Date: |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARJORIE VAUGHN, by and through her attorneys, THE

VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, HOME DEPOT USA,

INC., a foreign corporation, and STINCHCOMB ASSOCIATES, INC., a foreign corporation,

states as follows:

## JURISDICTION AND VENUE

1.      That on or before July 25, 2020, and at all relevant times herein, Defendant, HOME

DEPOT USA, INC. (hereinafter "HOME DEPOT"), was a foreign corporation authorized and

doing business in the State of Illinois.

2.      That on or before July 25, 2020, and at all relevant times herein, Defendant,

STINCHCOMB ASSOCIATES, INC. (hereinafter "STINCHCOMB ASSOCIATES"), was a

foreign corporation authorized and doing business in the State of Illinois.

3.      This Court has jurisdiction over Defendants under Section 5/2-209(a)(1) and

Section 5/2-209(a)(2) of the Illinois Code of Civil Procedure as Defendants have transacted

business and committed tortious acts within the State of Illinois.

Initial case management set for
8/16/2022                9:00
at:                     a.m.

4.      The act or transaction giving rise to this cause of action occurred in Will County, making venue appropriate pursuant to 735 ILCS 5/2-102(a) and 735 ILCS 5/2-101(1).

## COUNT I – MARJORIE VAUGHN v. HOME DEPOT USA, INC.
### (Premises Liability)

1.      That on or about July 25, 2020, and at all relevant times herein, Defendant, HOME DEPOT, owned, operated, controlled, maintained, and/or managed a property, located at 14053 S. Bell Road, in the City of Homer Glen, Will County, Illinois (hereinafter "Premises").

2.      That at the aforesaid time and place, and at all relevant times herein, Defendant, HOME DEPOT, made the Premises available to the general public, and the Premises were, in fact, used by the general public.

3.      That at the aforesaid time and place, and at all relevant times herein, Defendant, HOME DEPOT, invited and allowed Plaintiff, MARJORIE VAUGHN, to enter upon said Premises, and Plaintiff was, in fact, lawfully upon said Premises.

4.      That at the aforesaid time and place, and at all relevant times herein, the Plaintiff, MARJORIE VAUGHN, was an intended and permitted user of said premises owned, operated, and controlled by the Defendant, HOME DEPOT.

5.      That at all relevant times herein, Plaintiff, MARJORIE VAUGHN, was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

6.      That at the aforesaid time and place, Plaintiff was then and there lawfully upon the Premises when she did suffer injuries in or at the Premises due to a defective condition on the Premises thereon consequential to the negligence of Defendant, HOME DEPOT, to wit: a sprinkler system that sprayed water into Plaintiff's face and eyes, causing Plaintiff to fall and sustain injury.

7.      That at the aforesaid time and place, the Plaintiff, was walking on the Premises, when said negligently and/or improperly maintained and/or placed automatic sprinkler sprayed water into Plaintiff's face and eyes, causing Plaintiff to fall and sustain injury.

8.      That the aforesaid unreasonable dangerous condition was present at the Premises consequential to the negligence of Defendant, HOME DEPOT, as hereinafter set forth.

9.      That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff, MARJORIE VAUGHN, who was then and there in the exercise of due care and caution.

10.      That at the aforesaid time and place, and at all relevant times herein, Defendant, HOME DEPOT, had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11.      That at the aforesaid time and place, and at all relevant times herein, Defendant, HOME DEPOT, had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in a high probability that others lawfully upon the Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12.      That at the aforesaid time and place, and at all relevant times herein, Defendant, HOME DEPOT. by and through its authorized and/or apparent agents. owed a duty to Plaintiff, MARJORIE VAUGHN, to exercise reasonable care in the discovery. remedy. repair. and maintenance of said Premises in order to guard against foreseeable injuries to third parties and to maintain the Premises in reasonably safe condition.

13.      That at the aforesaid time and place. Defendant. HOME DEPOT. by and through its authorized and/or apparent agents. negligently breached its duty to Plaintiff. by acting with disregard for the safety of the Plaintiff. through one or more of the following acts and/or omissions:

a.  caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at the Premises through the Defendant's negligence;

b.  failed to discover the dangerous condition through reasonable inspection of the Premises;

c.  permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

d.  failed to remedy or repair the aforesaid unreasonably dangerous condition at the Premises;

e.  failed to adequately maintain the Premises;

f.  maintained the Premises in a defective condition for an unreasonable length of time; and

g.  failed to warn the Plaintiff of the aforesaid unreasonably dangerous condition at the Premises.

14.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant, HOME DEPOT, Plaintiff, MARJORIE VAUGHN, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, Plaintiff, MARJORIE VAUGHN, demands judgment Defendant, HOME DEPOT USA, INC., a foreign corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of suit.

## COUNT II – MARJORIE VAUGHN v. HOME DEPOT USA, INC.
### (Negligence)

6.     Plaintiff restates and re-alleges the allegations of paragraphs 1-5 of Count I as though they were fully and completely set forth herein

7.     That at the aforesaid time and place. the Plaintiff, was walking on the Premises, when said negligently and/or improperly maintained and/or placed automatic sprinkler sprayed water into Plaintiff's face and eyes. causing Plaintiff to fall and sustain injury.

8.     That at the aforesaid time and place. and at all relevant times herein. Defendant.

HOME DEPOT, by and through its authorized and/or apparent agents, owed a duty to Plaintiff, to exercise reasonable care so as to not negligently cause injury to those persons lawfully on the Premises to include Plaintiff herein, MARJORIE VAUGHN.

9.      That at the aforesaid time and place, and all relevant times herein, Defendant, HOME DEPOT, by and through its authorized and/or apparent agents, breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

   a. negligently and/or improperly maintained and/or placed said sprinkler;

   b. failed to inspect said sprinkler;

   c. failed to repair said sprinkler; and

   d. failed to warn persons upon the Premises, including Plaintiff, of the automatic sprinklers.

10.     As a direct and proximate result of the aforesaid negligent act and/or omissions of the Defendant, HOME DEPOT, the Plaintiff, MARJORIE VAUGHN, suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, MARJORIE VAUGHN, demands judgment Defendant, HOME DEPOT USA, INC., a foreign corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of suit.

## COUNT III – MARJORIE VAUGHN v. STINCHCOMB ASSOCIATES, INC.
### (Premises Liability)

1.      That on or about July 25, 2020, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, operated, controlled, maintained, and/or managed a nursery/garden center, located at 14053 S. Bell Road, in the City of Homer Glen, Will County, Illinois (hereinafter "Premises").

2.      That at the aforesaid time and place, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, made the Premises available to the general public, and the Premises were, in fact, used by the general public.

3.      That at the aforesaid time and place, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, invited and allowed Plaintiff, MARJORIE VAUGHN, to enter upon said Premises, and Plaintiff was, in fact, lawfully upon said Premises.

4.      That at the aforesaid time and place, and at all relevant times herein, the Plaintiff, MARJORIE VAUGHN, was an intended and permitted user of said premises owned, operated, and controlled by the Defendant, STINCHCOMB ASSOCIATES.

5.      That at all relevant times herein, Plaintiff. MARJORIE VAUGHN, was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

6.      That at the aforesaid time and place, Plaintiff was then and there lawfully upon the Premises when she did suffer injuries in or at the Premises due to a defective condition on the Premises thereon consequential to the negligence of Defendant, STINCHCOMB ASSOCIATES, to wit: a sprinkler system that sprayed water into Plaintiff's face and eyes. causing Plaintiff to fall and sustain injury.

7.      That at the aforesaid time and place, the Plaintiff, was walking on the Premises, when said negligently and/or improperly maintained and/or placed automatic sprinkler sprayed water into Plaintiff's face and eyes, causing Plaintiff to fall and sustain injury.

8.      That the aforesaid unreasonable dangerous condition was present at the Premises consequential to the negligence of Defendant, STINCHCOMB ASSOCIATES, as hereinafter set forth.

9.      That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff, MARJORIE VAUGHN, who was then and there in the exercise of due care and caution.

10.      That at the aforesaid time and place, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11.      That at the aforesaid time and place, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in a high probability that others lawfully upon the Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12.      That at the aforesaid time and place, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, by and through its authorized and/or apparent agents, owed a duty to Plaintiff, MARJORIE VAUGHN, to exercise reasonable care in the discovery, remedy, repair, and maintenance of said Premises in order to guard against foreseeable injuries to third parties and to maintain the Premises in reasonably safe condition.

13.      That at the aforesaid time and place, Defendant, STINCHCOMB ASSOCIATES, by and through its authorized and/or apparent agents, negligently breached its duty to Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

> a.   caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at the Premises through the Defendant's negligence;

b.  failed to discover the dangerous condition through reasonable inspection of the Premises;

c.  permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

d.  failed to remedy or repair the aforesaid unreasonably dangerous condition at the Premises;

e.  failed to adequately maintain the Premises;

f.  maintained the Premises in a defective condition for an unreasonable length of time; and

g.  failed to warn the Plaintiff of the aforesaid unreasonably dangerous condition at the Premises.

14.   As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant, STINCHCOMB ASSOCIATES, Plaintiff, MARJORIE VAUGHN, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, Plaintiff, MARJORIE VAUGHN, demands judgment Defendant, STINCHCOMB ASSOCIATES, INC., a foreign corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of suit.

## COUNT IV – MARJORIE VAUGHN v. STINCHCOMB ASSOCIATES, INC.
### (Negligence)

1.   That on or about July 25, 2020, and at all relevant times herein. Defendant. STINCHCOMB ASSOCIATES. operated, maintained, and/or managed a nursery/garden center. located at 14053 S. Bell Road, in the City of Homer Glen, Will County, Illinois (hereinafter "Garden Center").

2.   That at the aforesaid time and place, and at all relevant times herein, the Garden Center was available to the general public. and the Garden Center was. in fact. used by the general public.

3.     That at the aforesaid time and place, and at all relevant times herein, the Plaintiff, MARJORIE VAUGHN, was invited and allowed to enter said Garden Center, and Plaintiff was, in fact, lawfully in said Garden Center.

4.     That at all relevant times herein, Plaintiff, MARJORIE VAUGHN, was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

5.     That at the aforesaid time and place, Defendant, STINCHCOMB ASSOCIATES, negligently and/or improperly placed automatic sprinklers in the Garden Center and/or negligently and/or improperly maintained automatic sprinklers.

6.     That at the aforesaid time and place, the Plaintiff, was walking at or in the Garden Center, when said negligently and/or improperly maintained and/or placed automatic sprinkler sprayed water into Plaintiff's face and eyes, causing Plaintiff to fall and sustain injury.

7.     That at the aforesaid time and place, and at all relevant times herein, Defendant, STINCHCOMB ASSOCIATES, owed a duty to Plaintiff, to exercise reasonable care in managing and operating the Garden Center so as to not negligently cause injury to those persons lawfully in the Garden to include Plaintiff herein. MARJORIE VAUGHN.

8.     That at the aforesaid time and place. and all relevant times herein. Defendant. STINCHCOMB ASSOCIATES, breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

    a.   negligently and/or improperly maintained and/or placed said sprinkler;

    b.   failed to inspect said sprinkler:

    c.   failed to repair said sprinkler: and

      d. failed to warn persons in the Garden Center, including Plaintiff, of the automatic sprinklers.

9.     As a direct and proximate result of the aforesaid negligent act and/or omissions of the Defendant, STINCHCOMB ASSOCIATES, the Plaintiff, MARJORIE VAUGHN, suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff, MARJORIE VAUGHN, demands judgment Defendant, STINCHCOMB ASSOCIATES, INC., a foreign corporation, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of suit.

Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.**
**By: Steve Armbruster, ARDC #6255566**
9618 S. Commercial Avenue
Chicago, IL 60617
(773) 731-3311
sarmbruster@vrdolyak.com
bbenefield@vrdolyak.com

15339:SCA:kls

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL DISTRICT
## WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| MARJORIE VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Amount: In Excess of FIFTY |
| | ) | THOUSAND ($50,000.00) DOLLARS |
| HOME DEPOT USA, INC.. a foreign | ) | Plus Cost of Suit |
| corporation, and STINCHCOMB | ) | |
| ASSOCIATES. INC., a foreign corporation, | ) | Return Date: |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT PURSUANT TO RULE 222(b)

I, Steve Armbruster, attorney for the Plaintiff, MARJORIE VAUGHN, state that the damages sought in this matter exceed Fifty Thousand ($50,000.00) Dollars.

Under penalties as provide by the law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.**
**By: Steve Armbruster, ARDC #6255566**
9618 S. Commercial Avenue
Chicago. IL 60617
(773) 731-3311
sarmbruster@vrdolyak.com
bhowell@vrdolyak.com

MARJORIE VAUGHN v. HOME DEPOT USA, INC.,
and STINCHCOMB ASSOCIATES, INC.
U.S.D.C., Northern District of Illinois, Eastern Division, Case No. \_\_\_\_\_-CV-_____

[Exhibits to Defendant Stinchcomb Associates, Inc.'s Notice of Removal]

# EXHIBIT B

STATE OF ILLINOIS    )
                         )
COUNTY OF WILL     )

23849296001/VAP

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

MARJORIE VAUGHN,          )
                                )
     Plaintiff,                 )
v.                             )
                                )   No. 22 LA 277
HOME DEPOT USA, INC., a foreign   )
corporation, and STINCHCOMB     )
ASSOCIATES, INC., a foreign corporation,  )
                                )
     Defendants.              )

## CONSENT TO REMOVAL

NOW COMES the Defendant, HOME DEPOT USA, INC., by and through its attorneys,

MCVEY & PARSKY, LLC, and hereby states its consent to the removal of action the above-captioned

action from the Twelfth Judicial Circuit Court, Will County, Illinois, to the United States District

Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1446(b)(2)(A).

MCVEY & PARSKY LLC

By: _____
       ASSUNTA A. KARRIS

Assunta A. Karris, Esq.
MCVEY & PARSKY LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
(312) 551-2130
aak@mcveyparsky-law.com
*Attorneys for Defendant Home Depot USA, Inc.*